Neel, J.
Plaintiff Marcam Solutions, Inc. seeks an injunction enforcing the terms of a noncompetition agreement signed by its former employee, defendant Robert P. Sweeney. The agreement prohibits defendant’s employment with a competitor of plaintiff within one year following the date of defendant’s departure (February 27, 1998). For the following reasons, injunctive relief is granted.
On July 25, 1997, the parties signed an agreement which provides that, within one year after termination of his employment, defendant will not accept an offer of employment from a competitor of plaintiff if plaintiff agrees to pay him, until the first anniversary of his termination, “amounts equal to the difference between [110%] of [the salary offered by the competitor] and whatever lesser income I earn from suitable employment I am able to secure by diligent efforts, which I will exert.” The restriction is limited to “the geographical area of North America in which the Company conducts its business while I am employed by it.” Complaint, Ex. B.
The two principal grounds upon which defendant and his prospective employer, The Baan Company (“Baan”) oppose the application are (1) that Baan is not a competitor of plaintiff, and (2) that plaintiff has no legitimate business interest which enforcement of the noncompetition agreement would protect.[1]
On the basis of the materials submitted by the parties, the Court concludes that plaintiff has demonstrated a sufficient likelihood of successfully establishing at trial that it and Baan are “in competition." While the two companies may take different approaches to software for the process manufacturing market, the trade publications attached as exhibits to the Affidavit of Olin Thompson strongly indicate that, in the industry, plaintiff and Baan are considered to be competitors. See, e.g., Ex. 6 (a 1997 report by Benchmarking Partners comparing recent “bill of process” products of three companies, including plaintiff and Baan); Ex. 7 (a 1997 Enterprise Resource Planning (“ERP”) report by Advanced Manufacturing Research, Inc., grouping plaintiff, Baan, and ten other named companies in a chart showing “1996 ERP Vendor Sales into Process Industries”).
Defendant argues that plaintiffs “stove-pipe” Protean software is but one component of several needed to compete with Baan’s comprehensive, integrated product. Plaintiff responds that it has developed and will shortly release its “Customer Order Management” (“COM”) product, designed to compete with Baan and others who offer similar products. As defendant states in his affidavit, “Baan already provides the order entry and other functions embodied in COM.” Affidavit of Robert P. Sweeney, at 7. Defendant was COM Product Manager.
Plaintiff has also demonstrated a likelihood of success on the issue of whether it has a legitimate business interest to protect. After reviewing the materials, the Court is persuaded, for purposes of the application for preliminary relief, that defendant was intimately familiar with the Protean and COM product plans, product functionality, product schedules and marketing plans, including competition strategies; that at least some of that information is confidential; and that plaintiff, a relatively small player, is entitled to protect such confidential information.
A court may, “in the absence of equitable factors which would militate against enforcement,” enforce a reasonable noncompetition covenant against an employee who possesses confidential information and customer good will. New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 674 (1977). In this case there is a real danger that, absent enforcement of the covenant, defendant — who knows plaintiffs marketing strategies and who managed plaintiffs key new *463 product[2] — will inadvertently disclose or use such confidential information.
The equitable balancing of harms favors plaintiff, which apparently has a small customer base and has experienced declining market share. If the plaintiff is vulnerable in the marketplace, as defendant and Baan argue, the harm from failure to enforce a valid noncom-petition covenant is all the greater. Defendant’s employ-ability among plaintiffs competitors will also surely suffer from a year’s absence; however, the parties addressed that issue in their agreement, by providing that plaintiff will compensate defendant if it requires defendant to forego employment with a competitor. If there is a dispute over the actual compensation due, that is a matter of money damages which the Court will take up, on ah expedited basis, upon motion.
ORDER
For the reasons stated above, the Motion for a Preliminary Injunction against Robert P. Sweeney is ALLOWED as follows: said defendant is ENJOINED, until further order of the Court, from working for Baan Company N.V. or any of its subsidiaries, including Baan USA, Inc. (“Baan”), in any capacity, whether as employee, consultant, independent contractor, or otherwise, directly or indirectly, prior to February 27, 1999.

 The length of the restriction and its geographical scope were not a significant focus of oral argument, and do not appear to be unreasonable.

 Although plaintiff now expects to release the COM product this summer, the industry apparently expected COM to be released by the end of 1997. Affidavit of Olin Thompson, Ex. 6 at 4.